UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CV-61323-MORENO

LAURA BRITT,
Plaintiff.

vs.

WALMART STORES EAST,LP.
Defendants.
_____/

PLAINTIFF'S RESPONSE TO WAL-MART'S MOTION
FOR SUMMARY JUDGMENT

Plaintiff, LAURA BRITT, through undersigned counsel, files this Response to Wal-Mart's Motion for Summary Judgment and states the following:

1. The Defendant has filed a Motion for Summary Judgment arguing that the Plaintiff is unable to establish either actual or constructive notice and there are no issues of material fact that must be resolved by a jury on these issues.

2. The Plaintiff respectfully disagrees with the Defendant's position. There are issues of material fact that must be resolved by a jury.

3. Accordingly, the Plaintiff requests that the Court deny the motion for the reasons set forth in this Response and Incorporated Memorandum of Law.

MEMORANDUM OF LAW

I. Summary Judgment Standard:

A movant is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. See *Fed. R. Civ. P. 56*, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 578 (198 6). An issue of fact is "material" if, under the applicable substantive law, it might affect the outcome of the case. An issue of fact is

"genuine" if the record taken on the whole could lead a rational trier of fact to find for the non-movant. See Harrison v. Culliver, 746 F.3d 1288, 1297–98 (11th Cir. 2014). What the movant may not ask the Court to do is resolve disputes of fact or weigh credibility.

The facts are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the non-movant's favor. See Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970). See Celotex Corp. v. Catrett, 477 U.S. 317 (1986). This includes inferences drawn from the facts. So long as the inferences are reasonable, see Pacific Employers Ins. Co. v. Wausau Business Ins. Co., 508 F.Supp.2d 1167, 1170 (M.D. Fla. 2007), they too are construed in the non-movant's favor and may create genuine disputes of material fact. An inference based on speculation and conjecture is not reasonable, however. See Dawkins v. Fulton County Government, 733 F.3d 1084, 1088–89 (11th Cir. 2013). Lastly the fact record includes the non-movant's own testimony. See Feliciano v. City of Miami Beach, 707 F.3d 1244, 1253 (11th Cir. 2013) (emphasizing the general rule that "a plaintiff's testimony cannot be discounted on summary judgment unless it is blatantly contradicted by the record, blatantly inconsistent, or incredible as a matter of law").

If, despite the presumptions in the non-movant's favor, the movant can show the absence of any genuine dispute of material fact, then the burden of persuasion shifts to the non-movant. The non-movant must counter by demonstrating what specific facts raise a genuine issue for trial. See Stephens v. Mid-Continent Casualty Co., 749 F.3d 1318, 1321 (11th Cir. 2014). A factual dispute will preclude summary judgment if its resolution might affect the outcome of the suit under the governing law or the evidence is such that a reasonable jury could return a verdict for the non-moving party.

The non-movant must counter the movant's contentions head-on. The non-movant must come forward with evidence to establish each element essential to that party's case sufficient to

sustain a jury verdict. In short, this means the non-moving party must offer---and not just plead---evidence of a prima facie case. What is more the non-moving party's evidence on rebuttal must be significantly probative and not based on mere assertion or be merely colorable. See *Fed. R. Civ. P. 56(e)*, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). See also, Castleberry v. Goldome Credit Corp., 408 F.3d 773, 785-86 (11th Cir. 2005). While factual averments are to be accepted as true, conclusory allegations, unwarranted inferences, or legal conclusions masquerading as facts are not. See Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007). Even "where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983).

In resolving issues presented under *Fed. R. Civ. P. 56*, "the court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied." Carlin Commc'n, Inc. v. Southern Bell Tel. & Tel. Co., 802 F.2d 1352, 1356 (11th Cir. 1986); see also Aurich v. Sanchez, 2011 WL 5838233, at *1 (S.D. Fla. Nov. 21, 2011) ("If a reasonable fact finder could draw more than one inference from the facts, and that inference creates an issue of material fact, then the court must not grant summary judgment." (citing Hairston v. Gainesville Sun Publishing Co., 9 F.3d 913 (11th Cir. 1993))).

Where jurisdiction is founded on diversity and no federal question is involved, courts apply substantive state law, either declared by the state's legislature or by its highest court in a decision. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). If the Supreme Court of Florida has not addressed a particular issue, federal courts are bound by the decisions of the Florida district courts of appeal that address the disputed issue, unless there is an indication that the supreme court would not adhere to the district court's decision. Geary Distrib. Co., Inc. v. All Brand Imp., Inc., 931 F.2d 1431, 1434 (11th Cir.1991).

II.	Florida Negligence/Slip and Fall Law:

With respect to the Plaintiff's claim of negligence and the law defines it. The elements of a negligence cause of action under Florida law are: (1) the Defendant owed a duty to the Plaintiff, (2) the Defendant breached that duty, (3) injury to the Plaintiff arose from the Defendant's breach, and (4) the Plaintiff's injuries resulted from that breach of duty. Zivojinovich v. Barner, 525 F.3d 1059, 1067 (11th Cir. 2008). See also Delgado v. Laundromax, Inc., 65 So.3d 1087, 1089 (Fla. 3rd DCA 2011).

The two specific duties that Florida law says the Defendant, as the owner of the store premises, owes to its customers and invitees are: (1) to take ordinary and reasonable care to keep its premises reasonably safe for invitees and (2) to warn invitees of perils that the Defendant knew or should have known about but which the invitees could not discover for themselves. See id.

A third source of law governs. *Section 768.0755, Fla. Stat. (2010),* specifies how a plaintiff must prove a defendant's alleged breach of duty in the context of a slip-and-fall on a transitory foreign substance in a business establishment. Applying that statute to this case, the Plaintiff must prove that the Defendant had either actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. The transitory foreign substance that the Plaintiff alleges caused her to fall was a liquid, presumably water. Therefore, in order to prove constructive knowledge, the statute permits the Plaintiff to rely on circumstantial evidence to show either that (1) the liquid existed on the floor for such a length of time that, in the exercise of ordinary care, the Defendant should have known of it or (2) that the same dangerous condition occurred with regularity and was therefore foreseeable. *§ 768.0755(1)(a), (b), Fla. Stat.* "Without some evidence of the length of time the dangerous condition existed, liability cannot be determined under a constructive notice theory." Barbour,

801 So. 2d at 957 (citing Wal-Mart Stores, Inc. v. King, 592 So. 2d 705, 707 (Fla. 5th DCA 1991)).

    III.    Constructive Notice:

The Cart Tracks on the Ground Create a Material Issue of Fact on Constructive Notice:

It is well established under Florida law that a footprint and cart tracks create an inference that a substance has been on the ground for a sufficient length of time to create constructive notice. Florida law is clear that "constructive notice may be shown by presenting evidence that the condition existed for such a length of time that, in exercise of ordinary care, the defendant should have known of the condition." Burnett v. Lower Fla. Keys Health Sys., Inc., 722 So.2d 951, 951 (Fla. 3d DCA 1998). See Broz v. Winn-Dixie Stores, 546 So. 2d 83, 83 (Fla. 3d DCA 1989) (grocery store was not liable for injuries customer sustained when she allegedly slipped and fell on grape, absent evidence that grape had been on floor for some length of time, such as thawing, cart tracks, footprints or other indicia of constructive notice); Silver Springs Moose Lodge No. 1199 v. Orman, 631 So. 2d 1119, 1121 (Fla. 5th DCA 1994) ("there were no smudges, streaks, tracks or foot prints in or around the liquid evidencing it was there for a sufficient period of time for [defendant] to be charged with constructive knowledge of a potentially dangerous condition"; Teate v. Winn-Dixie Stores, Inc., 524 So.2d 1060, 1061 (Fla. 3d DCA 1992)(finding that where plaintiff slipped and fell on peas in store's frozen food aisle, that water on the floor around peas could support an inference that the peas had been on the floor long enough to thaw); Altman v. Publix Supermarkets, Inc., 579 So.2d 351, 352 (Fla. 3d DCA 1991)(plaintiff's testimony that "grocery cart tracks and footprints traversed the dirty area where she fell" was sufficient evidence to present a fact question as to "whether the dangerous condition on the floor existed for a sufficient length of time to charge the defendant with constructive notice").

In Altman v. Publix Supermarkets, Inc., 579 So.2d 351 (Fla. 3d DCA 1991), the plaintiff slipped and fell at the supermarket. She testified that the floor was dirty, oily and garbage strewn. Additionally, she said that "grocery cart tracks and footprints traversed the dirty area where she fell." Id. at 352.  The court held that her testimony "was sufficient evidence to present a fact question as to whether a dangerous condition was created by the store's employees ... and whether the dangerous condition on the floor existed for a sufficient length of time to charge the defendant with constructive notice." Id.; See also Montgomery v. Florida Jitney Jungle Stores, 281 So.2d 302 (Fla.1973); Winn-Dixie Stores, Inc. v. Guenther, 395 So.2d 244 (Fla. 3d DCA 1981).  Cisneros v. Costco Wholesale Corp., 754 So. 2d 819, 821 (Fla. 3d DCA 2000)

Courts in the Southern District of Florida have denied summary judgement in cases with similar facts. eg. Castellanos v. Target Corp., No. 10-62456-CIV, 2011 WL 5178334, (S.D. Fla. Oct. 14, 2011) (finding genuine issue of material fact as to constructive knowledge where, inter alia, there was evidence of track marks in the transitory substance not made plaintiff); Garcia v. Target Corp., No. 13-60308-CIV, 2014 WL 505151, (S.D. Fla. Feb. 7, 2014) (constructive knowledge based on footprints in substance); Barillas v. Wal-Mart Stores, Inc., No. 14-CIV-62821, 2015 WL 11143345(S.D. Fla. Dec. 1, 2015)("Plaintiff's assertion that the substance was both slightly dried and had cart marks running through it indicates that the substance may have been there "for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition").

The Court Must Infer that the Cart Tracks Came from Another Customer:

The Defendant argues that the only reasonable inference to take from the cart marks on the floor depicted in the photographs is that they came from the Plaintiff herself.  This type of argument was rejected in Colon v. Outback, 721 So.2d 769(Fla.3rd DCA 1998).   In Colon, Ms. Colon slipped on a "mushy" or mashed potato near a table occupied by other restaurant

patrons. There was no record evidence that Outback's employees dropped the potato on the floor or had actual knowledge of its presence on the floor prior to Ms. Colon's fall. According to the record evidence, no one, including Ms. Colon, saw the potato prior to her fall. After her fall, however, Ms. Colon noticed that the potato had a dirty appearance.  Summary judgment was entered in Outback's favor based upon this evidence.

Outback argued on appeal that the final summary judgment was entirely proper on the issue of its constructive notice of the mashed potato on the floor where the only reasonable inference to be drawn from its appearance is that Ms. Colon herself mashed and dirtied it when she stepped on it. The appellate court disagreed and stated "We believe that an equally compelling inference from the dirty appearance of the potato is that it had gone undetected on the floor for a sufficient period of time to place Outback on constructive notice. Given these competing inferences as to Outback's constructive notice of the hazardous condition of its premises as alleged, we conclude that summary judgment in this cause was error."

The testimony and photographs in the record establish the presence of what some witnesses have described as cart marks.  Wal-Mart asks the Court to infer that the cart marks on the floor came from Ms. Britt.  However, the standard on a summary judgment requires that the Court construe the inferences in Ms. Britt's favor and submit this factual issue to a jury.


Evidence of a Regularly Recurring Condition Creates Constructive Notice:

It rained on the day Laura Britt fell in Wal-Mart.  Bettina Brown testified that when it rained it was a fairly common occurrence for people to drip water into the store.  Melody Cortes testified that she had seen similar water drops on the ground due to wet umbrellas.  There is sufficient evidence to submit the issue of a regularly recurring condition to a jury.   See R.B. Brooks v. Phillip Watts Enterprises, Inc., 560 So.2d 339(Fla. 1st DCA 1990).

Length of Time The Water Was on the Ground Creates Constructive Notice:

A Defendant owner or occupant of a store may be held liable for injuries if a dangerous condition on the floor existed for a sufficient length of time to charge defendant with constructive knowledge. Winn Dixie Stores, Inc. v. Williams, 264 So 2d 862(Fla. 3rd DCA 1972);Carls Markets, Inc. v. Meyer, 69 So.2d 789(Fla.1953); Haley v. Harvey Building, Inc., 168 So.2d 330(Fla. 2d DCA1964). Proof that a dangerous condition existed long enough so that it should have been discovered by the owner defendant may be proved like any other fact, by circumstantial evidence. Winn Dixie Stores, Inc. v. Williams, 264 So. 2d 862(Fla. 3rd DCA 1972).

It was raining on the day that Laura Britt fell. Several witnesses testified that the water on the floor appeared to be from either dripping umbrellas or rain coats. The video captured two men standing in the area of the fall about an hour prior to the fall. One man was walking in the aisle with a rain coat and the other with an umbrella. A jury can infer that either of these men or both were the source of the water, and that the water went undetected for an hour prior to the fall. An hour is a sufficient length of time to find constructive notice.

Photographic and Video Evidence Should Be Resolved By A Jury:

The photographic and video evidence in this case should be resolved by a jury and not on summary judgement. See. Goff v. Miami Transit Co., 77 So.2d 636 (Fla.1955); Bess v. 17545 Collins Avenue, Inc., 98 So.2d 490 (Fla.1957).

In Goff v. Miami Transit Co., 77 So.2d 636 (Fla.1955), the plaintiff was injured in an automobile collision. The trial judge entered a directed verdict for the defendant and Goff appealed. This Court reversed, stating: "Diagrams and photographs, in fact physical evidence, generally may speak so loud that one will not hear the witnesses. We have examined the oral

and the physical evidence in this case and we cannot escape the conclusion that the trial court acted too hastily in taking the case from the jury.  Appraisal of the weight of the evidence is always a jury question and in this case the oral and physical evidence required deductions from diagrams, photographs and other evidence, that should have been resolved by the jury instead of the court." Id. at 637.

In <u>Bess v. 17545 Collins Avenue, Inc</u>., 98 So.2d 490 (Fla.1957), the plaintiff complained that a one-and-a-half-inch metal pipe running across a walkway caused him to trip and fall.  On the basis of two photographs the trial judge entered a summary judgment for the defendant, finding that the hazardous condition was obvious. The Florida Supreme Court reversed the trial court, stating: "It is clear to us that reasonable men might justifiably make different inferences and deductions and reach different conclusions from these photographs. Where this appears it is the province of the jury to make such deductions and inferences. See Goff v. Miami Transit Co., Fla.1955, 77 So.2d 636. In such cases it cannot be said that there is no genuine issue of material fact to be determined."

IV.    <u>Conclusion:</u>

Laura Britt fell slipped and fell in Wal-Mart on a rainy day in water that appeared as droplets on the ground.  Testimony from Wal-Mart employees established that it was common for customers to drip water in the store on rainy days.  Umbrellas and rain coats were identified in testimony as the potential sources for these droplet conditions on the ground.  The surveillance video captured to men about an hour prior to the fall in the area where the Plaintiff fell with either an umbrella or a rain coat.  Construing reasonable inferences based on this evidence a jury can find that the water remained undetected on the ground for approximately an hour prior to the fall.  This should defeat summary judgment.

The photographs and testimony creates an issue regarding whether the water droplets had shopping cart marks through their distribution on the ground.  Florida law dictates that

constructive notice can be established based on shopping cart marks through a foreign transitory substance. This should defeat summary judgment.

There is evidence that water droplets on the ground are a regularly recurring condition. This should defeat summary judgment.

The issues in this case with respect to notice are partially dependent on photographs and video. The photographic and video evidence in this matter should be reviewed and decided by a jury. This should preclude summary judgment as well. Accordingly, the Plaintiff, Laura Britt urges this Honorable Court to deny the Defendant's Motion for Summary Judgment.

Dated March 27, 2019

Respectfully submitted,

By:    S/RON VINOGRAD
Ron Vinograd, Esquire
Florida Bar No.: 19157
STEINGER, ISCOE & GREENE, P.A.
2727 West Cypress Creek Road
Fort Lauderdale, FL 33309
Telephone: (954) 491-7701
Email: rvinograd@injurylawyers.com

<u>Certificate of Service</u>

I HEREBY CERTIFY that a copy of the foregoing has been furnished by CM/ECF email this March 27, 2019 to: Jerry D. Hamilton, Esq. and Schuyler A. Smith, Esq. HAMILTON, MILLER & BIRTHISEL LLP, 150 Southeast Second Avenue, Suite 1200, Miami, Florida 33131-2332.

STEINGER, ISCOE & GREENE, P.A.
2727 West Cypress Creek Road
Fort Lauderdale, FL 33309
Telephone: (954) 491-7701
Email: rvinograd@injurylawyers.com
Attorneys for Plaintiff

<u>S/RON VINOGRAD</u>
Ron Vinograd, Esquire
Florida Bar No.: 19157