UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61323-CIV-MORENO/SELTZER

LAURA BRITT,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP

    Defendant.

_____/

REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Motion for Summary Judgment ("Motion") filed by Wal-mart Stores, LP ("Walmart") (DE 22). This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida (DE 19). The undersigned has carefully considered the motion and the record, and is otherwise fully advised. For the reasons stated below, it is RECOMMENDED that Walmart's Motion (DE 22) be DENIED.

I.    FACTS

On August 27, 2017, Plaintiff slipped and fell on a liquid substance while transiting the beer and wine aisle of a Wal-Mart store located in Fort Lauderdale, Florida. (DE 23, Defendant's Statement of Facts ("Def. SOF") ¶¶ 1–2; DE 25, Plaintiff's Statement of Facts ("Pl. SOF") ¶ 1). Plaintiff does not know the source of the liquid or how long the liquid was on the floor before she slipped and fell. (Def. SOF ¶ 12). The parties submitted

1

photographs revealing various dark streaks and spots through the area of the spill. (DE 23-4; DE 25-7, 11, 13–14).

A customer at the scene and two Walmart employees identified the substance as water. (DE 23-3, Deposition of Anna Rodriguez ("Rodriguez Dep."), p. 14). It is undisputed that it was raining on the day of the incident, and still photos taken from store surveillance cameras depict one customer wearing a reflective yellow jacket and another customer carrying what appears to be an umbrella. (Pl. SOF ¶ 2; DE 26, Defendant's Response to Plaintiff's Statement of Facts ("Def. Resp. SOF") ¶¶ 8–9; DE 25-1, DE 25-3, DE 25-4). The water was sprinkled in small individual droplets spread across approximately one square foot. (Pl. SOF ¶ 3; Def. Resp. SOF ¶ 3; DE 23-7, Deposition of Darren Riviere ("Riviere Dep."), p. 25). Manager Darren Riviere testified that, upon inspection, the water did not appear to originate from either Plaintiff or her surroundings. (DE 23-7, Riviere Dep., p. 29). Manager Melody Cortes-Lopez also inspected the ceiling and beverage coolers and did not observe any leaks. (DE 23-9, Deposition of Melody Cortes-Lopez ("Cortes-Lopez Dep."), p. 25). Walmart staff assumed the spill was rain-related. (Riviere Dep., p. 31; Pl. SOF ¶ 13; Def. Resp. SOF ¶13).

Maintenance worker Bettina Brown responded to the incident to clean up the liquid. Brown testified at her deposition that the liquid was clear and odorless. (DE 23-6, Deposition of Bettina Brown ("Brown Dep."), p. 21). Brown explained that after it rains, "not everyone wants to use umbrella bags," and they "shake off their umbrella . . . ." (Brown Dep., p. 22; Pl. SOF ¶ 5; Def. Resp. SOF ¶ 5). Brown agreed that it was a "fairly common occurrence for people to drop water into the store" when it rained. (Brown Dep.,

2

p. 32; Pl. SOF ¶ 11; Def. Resp. SOF ¶ 11). Brown's testimony was corroborated by Cortes-Lopez, who stated that on the prior occasions in which she had detected water droplets on the floor, it had usually been raining. (Cortes-Lopez Dep., p. 25; Pl. SOF ¶ 16; Def. Resp. SOF ¶ 16). When it does rain, Walmart takes certain precautions, including putting down a thick carpet at the store entrance and ensuring that areas remain dry from moisture. (Brown Dep., p. 23). Additionally, pursuant to Walmart policies, associates walk up and down aisles looking for potential hazards during specified "zone" times and throughout the day. (Def. SOF ¶¶ 45, 59).

II.     LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).   At the summary judgment stage, the Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In making this determination, the Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. SEC v. Monterosso, 756 F.3d 1326, 1333 (11th Cir. 2014). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Carlson v. FedEx Ground Package Sys., Inc., 787 F.3d 1313, 1317–18 (11th Cir. 2015) (quoting Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir.1997)). "This is because 'the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" Id. (quoting Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133,

3

150 (2000)).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once this initial burden is met, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." Urquilla-Diaz v. Kaplan Univ., 780 F.3d 1039, 1050 (11th Cir. 2015).

Applying these standards to the present case, the undersigned concludes that genuine disputes as to material fact exist precluding summary judgment.

III.   ANALYSIS

The parties agree that substantive Florida law governs this dispute. See generally Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). "The elements of a negligence claim under Florida law are: (1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach; and (4) the plaintiff suffering actual harm from the injury." Zivojinovich v. Barner, 525 F.3d 1059, 1067 (11th Cir. 2008) (citing Clay Elec. Coop., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003)).

In Florida, "a landowner owes two duties to a business invitee: (1) to use reasonable care in maintaining the premises in a reasonably safe condition; and (2) to give the invitee warning of concealed perils which are or should be known to the landowner, and which are unknown to the invitee and cannot be discovered by him

4

through the exercise of due care." Emmons v. Baptist Hosp., 478 So. 2d 440, 442 (Fla. 1st DCA 1985) (citing Maldonado v. Jack M. Berry Grove Corp., 351 So. 2d 967, 970 (Fla. 1977)).

In the context of a slip-and-fall claim based on a transitory substance, a plaintiff must further prove that "the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1). "Constructive notice can be proven through circumstantial evidence showing that: (a) [t]he dangerous condition existed for such a **length of time** that, in the exercise ordinary care, the business establishment should have known of the condition"; or (b) [t]he condition **occurred with regularity** and was therefore foreseeable." Id. (emphasis added).

Florida courts have recognized that circumstantial evidence sufficient to establish the passage of time may include "dirt, scuffing, or tracks in a substance[,]" Woods v. Winn Dixie Stores, Inc., 621 So. 2d 710 (Fla. 3d DCA 1993), "skid marks, smudges, or the like," Wal-Mart Stores, Inc. v. King, 592 So. 2d 705 (Fla. 5th DCA 1991), or "that the liquid was dirty and scuffed and had several tracks running through it . . . . " Winn-Dixie Stores, Inc. v. Guenther, 395 So. 2d 244, 246 (Fla. 3d DCA 1981).

In addition, evidence of recurring water puddles on rainy days has been deemed sufficient to satisfy the constructive notice requirements of a negligence claim under Florida law. See Scott v. Fla. Supermarkets, Inc., 580 So. 2d 312 (Fla. 3d DCA 1991) (reversing summary judgment, concluding that "there exists a triable issue as to whether the defendant had constructive notice of the puddle of water on which the plaintiff []

5

slipped and fell . . . ."); see also Feris v. Club Country of For Walton Beach, Inc., 138 So.3d 531, 534-535 (Fla. 1st DCA 2014) (concluding that the regularity of spills on a dance floor could give rise to constructive knowledge of a dangerous condition).

Here, Plaintiff does not contend that Walmart had actual notice of the transitory substance. Rather, the parties dispute and the summary judgment motion places at issue whether Walmart had constructive notice of the transitory substance. The undersigned's review of the evidence in the light most favorable to Plaintiff reveals that there are material facts, both disputed and undisputed, that preclude the entry of a judgment as a matter of law on the issue of constructive notice.

The first prong of Fla. Stat. § 768.0755(1)(a) requires circumstantial evidence showing that the dangerous condition existed for "such a length of time" that Walmart should have known of the condition. Here, the record evidence shows that the spill had numerous lines and marks through it, as depicted in the photographic exhibits. This evidence supports a reasonable inference that the lines or marks could be cart tracks, indicating that a substantial amount of time had passed from the time of the spill, which makes it possible to impute constructive notice to Walmart pursuant to Florida law.

In addition, the second prong of Fla. Stat. § 768.0755(1)(b) requires circumstantial evidence showing that the condition "occurred with regularity." The record contains testimony from both a Walmart maintenance worker and Walmart store manager that on rainy days customers often shake umbrellas in the store and water can drip from carts or clothing. Given the testimony that it had been raining on the day of the incident, coupled with circumstantial evidence of jacket-clad and umbrella-toting patrons, small sprinkled

6

droplets of clear and odorless liquid comprising the spill, and the absence of leaks from the surrounding area, a jury could reasonably infer that water may have dripped from one or more customers transiting the beer and wine aisle and that Walmart was constructively aware of the recurring condition. This conclusion is reinforced by Walmart's adoption of "rainy day" procedures.

Although Walmart repeatedly attempts to impeach the personal knowledge of the deponents on such matters as the weather on the day of the incident, the material of Walmart's flooring, and the identity of the liquid, and although it further disputes the clarity of the surveillance video, these factual challenges serve only to undercut Walmart's argument. Matters of evidentiary weight are for the fact-finder to resolve, not the Court.

Reduced to its essence, Walmart's argument is an improper attempt to shift and heighten the applicable burden by requiring Plaintiff to supply conclusive and irrefutable proof of her claims to survive summary judgment. Rule 56, however, imposes no such requirement. Provided reasonable minds can disagree on the inferences to be drawn from the record evidence, summary judgment must be denied. Carlson, 787 F.3d at 18. The undersigned concludes that because a jury may reasonably find in Plaintiff's favor on the issue of constructive notice, there exists a genuine dispute of material fact that precludes the entry of a judgment as a matter of law on this issue.

Finally, in addition to arguing that it did not have constructive knowledge of the transitory substance, Walmart argues that it did not breach its duty of reasonable care. Walmart points to its policy mandating that the staff make routine inspections of the store for safety hazards. Although such a policy may be in place, there is an insufficient record

7

concerning the implementation of this policy, that is, the frequency and specific nature of these inspections. Furthermore, unless only one reasonable conclusion can be drawn, breach of duty is almost always a jury question that is improper for resolution on summary judgment.

As the Eleventh Circuit explained in Souran v. Travelers Ins. Co., 982 F.2d 1497, 1506 (11th Cir. 1993) in reversing a summary judgment on the issue of breach of duty pursuant to Florida law: "The question is one for the jury, unless the facts are so clear as to permit only one conclusion." Id. (quoting Restatement (Second) of Torts § 552 cmt. e (1977) and citing Florida Power & Light Co. v. Lively, 465 So. 2d 1270, 1273 (Fla. 3d DCA 1985) ("The issue of breach of duty is often considered a question of fact for the jury, unless only one reasonable conclusion may be drawn from the facts in evidence.")). Because the evidence before the Court concerning Walmart's alleged negligence does not lead to a single inescapable conclusion, the undersigned recommends that summary judgment be denied.[1]

III.   CONCLUSION

For the foregoing reasons, the undersigned respectfully RECOMMENDS that the Motion for Summary Judgment filed by Wal-Mart Stores, LP (DE 22) be DENIED. The parties will have fourteen (14) days from the date of being served with a copy of this

---

[1] Walmart's citation to Sammon v. Target Corp., 2012 WL 3984728, *4 (M.D. Fla. Sept. 11, 2012) is inapposite. (DE 22: 16). In that case, unlike here, the court determined the defendant did not have actual or constructive notice of the hazardous condition. Consequently, the plaintiff could not establish that the defendant failed to use reasonable care or breached its duty to warn. Id.; cf. Gonzalez v. Target Corp., 2016 WL 2642103, at *2 (S.D. Fla. Mar. 23, 2016) (distinguishing Sammon on similar grounds and denying summary judgment).

Report and Recommendation within which to file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

    DONE AND SUBMITTED in Chambers, Fort Lauderdale, Florida, this 13th day of May 2019.

BARRY S. SELTZER
United States Magistrate Judge

Copies via CM/ECF to:

Honorable Federico A. Moreno
United States District Judge

All counsel of record